UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:13-CV-00011-LLK

PENNY K. COULTER                                                                              PLAINTIFF

v.

CAROLYN W. COLVIN                                                   DEFENDANT
    Commissioner of Social Security

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff's motion for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, in the amount of $2,137.50 (17.10 hours of attorney time at $125.00 per hour) plus costs in the amount of $24.00. The motion is at Docket Entry Number 16. In addition, Plaintiff moves for leave to re-docket this case for consideration of a fee for services under 42 U.S.C. § 406(b) in the event the proceedings upon remand to the Commissioner result in the award and payment of benefits to the Plaintiff. DN 16. The Commissioner does not object to the legitimacy and amount of Plaintiff's fee request and has not responded to the motion for leave to re-docket. DN 17. This matter is ripe for determination by the Court.

For the reasons below, the motion for EAJA fees shall be GRANTED except that the fees and costs shall be awarded to Plaintiff Coulter and not her attorney, Mary G. Burchett-Bower. Plaintiff's motion for leave to re-docket shall be DENIED.

The parties have consented to the jurisdiction of the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, to conduct all further proceedings in this case, including entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed. DN 10.

***The Requested EAJA Awarded Is Appropriate***

Plaintiff filed a complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner denying her claim for disability benefits.

On August 2, 2013, the Court remanded the matter to the Commissioner for further administrative proceedings. DN 15.

The primary purpose of the Equal Access to Justice Act (EAJA) is to allow citizens to challenge federal government decisions in federal court regardless of their ability to pay for an attorney. Pursuant to the EAJA, 28 U.S.C. § 2412(d), a party may recover an award of attorney's fees against the government provided the party meets five requirements: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed; (3) the claimant has a net worth of less than $2 million at the time the complaint was filed; (4) the position of the government was not substantially justified; and (5) there are no special circumstances which would make an award unjust.

The Commissioner concedes that Plaintiff satisfies each of the foregoing statutory requirements and that the amount of fees sought is reasonable.

***The Fees And Costs Must Be Awarded To Plaintiff, Not Her Attorney***

Although the Commissioner does not contest Plaintiff's request for payment of EAJA fees to her attorney provided certain conditions are satisfied, the Commissioner did dispute a similar arrangement in the recent case of *Brown v. Commissioner*, 2013 WL 3243527 (W.D.Ky.). In *Brown*, the Court agreed with the Commissioner that such an arrangement is inappropriate.

Therefore, for the sake of consistency in cases involved EAJA fee requests, the Court shall continue applying the *Brown* approach, regardless of whether the Commissioner contests a requested conditional fee award directly to counsel.

*Brown* followed in the wake of *Astrue v. Ratliff*, 560 U.S. 586 (2010), which held that an EAJA fee award "is payable to the litigant [not the attorney] and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Brown* acknowledged that the common judicial practice – post-*Ratliff* -- of honoring private fee agreements between plaintiffs and their attorneys after the Commissioner had determined that there is no debt to the United States would serve the important purpose underlying the EAJA of "allowing the neediest litigants to find attorneys to represent them in cases against the Government."

This Court, like the Southern District of Ohio, followed this approach until it was forced to recognize a "growing consensus of courts within the Sixth Circuit that under *Ratliff*, the proper course is to award fees directly to Plaintiff and remain silent as to the direction of those fees." *Brown* quoting *Smith v. Astrue*, 2013 WL 1155521 (S.D.Ohio) (collecting authorities).

On March 23, 2012, Senior District Judge Russell refused to designate counsel as payee of an EAJA fee award, finding that payment "shall be governed by the terms of [the attorney-client contract] after the award is paid to [plaintiff]." *Johnson v. Astrue*, 2012 WL 1014993 (W.D.Ky.).

On October 3, 2012, Chief Judge McKinley adopted Magistrate Judge Brennenstuhl's recommendation to deny plaintiff's request that payment of EAJA fees be made to counsel, finding that assignment of the fee to an attorney is "voidable at the United States' discretion" pursuant to the Anti-Assignment Act, 31 U.S.C. § 3727. *Daniel v. Astrue*, No. 1:11-CV-00159 (W.D.Ky.), DN 21.

The EAJA fee must be awarded to Plaintiff Coulter.

**Motion For Leave To Re-Docket This Case In Anticipation of Future Conditions**

Plaintiff cites no authority for her motion for leave to re-docket this case for consideration of a fee for services under 42 U.S.C. § 406(b) in the event of an award by the Commissioner upon remand, and the Court is unaware of any such authority. DN 16.

In denying the motion, the Court does not mean to suggest that counsel would not be entitled to a § 406(b) fee if a motion for such fee and/or motion to re-docket is filed in a timely manner following a favorable decision by the Commissioner upon remand. The problem with granting the motion now in anticipation of future conditions is that, at this moment, the issue of when a § 406(b) motion must be filed remains unresolved in the Sixth Circuit. At least one court in the Sixth Circuit has evaluated this issue under the equitable tolling rule. *Willis v. Commissioner*, 2013 WL 4240835, *2 (S.D.Ohio).

However, the Court does not want to lock itself in to a *res judicata* conclusion of a timely-filed § 406(b) motion regardless of counsel's actual future conduct or to an approach contrary to future Sixth Circuit authority.

In the event of success, Plaintiff is invited to file a motion for a § 406((b) fee and/or motion to re-docket, and the Court will rule upon those motions based upon the state of the law at that time.

**ORDER**

It is therefore ORDERED that Plaintiff's motion for attorney fees pursuant to the EAJA (DN 16) is GRANTED in the amount of $2,137.50 and costs in the amount of $24.00.

Plaintiff's motion for leave to re-docket (DN 16) is DENIED.

Plaintiff's request that the Court conditionally direct the payment of fees to her counsel, Mary G. Burchett-Bower, is DENIED.

To the extent this fee is duplicative of the fee awarded Plaintiff's counsel under 42 U.S.C. § 406(b), counsel will reimburse the Plaintiff.

In the event the proceedings on remand result in the award and payment of benefits to the Plaintiff, the Court will then consider a motion to re-docket the case for consideration of a fee for services under 42 U.S.C. § 406(b).

This is a final and appealable Order, and there is no just cause for delay.