UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:13-CV-00011-LLK

PENNY K. COULTER                                                                                          PLAINTIFF

v.

CAROLYN W. COLVIN                                                                                       DEFENDANT
    Commissioner of Social Security

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion and amended motion by Plaintiff's counsel for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) following remand by this Court and a fully-favorable decision issued by administrative law judge (ALJ) Scott M. Staller on March 13, 2014. Docket Numbers (DN) 19 and 20.

The Commissioner responds that the motions should be dismissed as premature because, although a favorable decision has issued, counsel admits that she has not yet received the Notice of Award identifying the amount of Plaintiff's past-due benefits, which is necessary for calculating the statute's maximum fee award of 25 percent. DN 21.

Counsel replies that, pursuant to this Court's precedent interpreting Joint Local Rules (LR) 83.11(d), her motion is not premature and, in fact, she would have been tardy if she had filed later. DN 22 citing this Court's Memorandum Opinion and Order in *Robertson v. Commissioner*, Civil Action No. 1:07-CV-00064-JHM, 2011 WL 4737603 (W.D.Ky.).

LR 83.11(d) required counsel to file her fee petition within thirty (30) days of a "final favorable decision." According to *Robertson*, "final favorable decision" refers to the date on which the Notice of Decision Fully Favorable became final. The Notice is dated March 13, 2014, and specifically states that "[i]f you do not file written exceptions and the Appeals Council does not review [the ALJ's] decision on its own, [the ALJ's] decision will become final on the 61st day following the date of this notice." DN 22-1,

p. 2 of 3.  Since Plaintiff did not file written exceptions to the decision and since the Appeals Council did not act on its own motion, the decision of the ALJ became the final decision of the Commissioner after remand on the 61st day after the date of the Notice of Decision Fully Favorable.  Therefore, counsel's thirty (30) days for filing her fee petition commenced running on May 13, 2014.  Counsel timely filed her motion for attorney's fees on June 11, 2014.

LR 83.11(d)(2) places upon the United States Attorney the responsibility to submit to the Court the Notice of Award.  "If the United States Attorney has yet to receive all applicable Notices of Award from the Commissioner, the United States Attorney will have to notify the Court of the delay and request a stay of the proceeding pending receipt of the Notices of Award." *Robertson*, supra, at *4.

Because the Court is unable to distinguish the relevant facts of this case and *Robertson*, the Court will issue an identical Order.

Accordingly, it is HEREBY ORDERED that, pursuant to LR 83.11(d)(2), the United States Attorney shall respond to the fee petition within 30 days from the entry of this Order including "a statement of accrued benefits" as contemplated by LR 83.11(d)(2) and its position on whether the requested fee is reasonable.