UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:13-CV-00011-LLK

PENNY K. COULTER                                                    PLAINTIFF

v.

CAROLYN W. COLVIN                                        DEFENDANT
    Commissioner of Social Security

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion and amended motion of Plaintiff's counsel for an award of attorney fees pursuant to 42 U.S.C. § 406(b). Docket Numbers (DN) 19 and 20.[1] Counsel seeks $5,176.50 for 17.85 hours of work done before this Court that resulted in a remand to the Commissioner for further administrative proceedings and ultimately a fully Plaintiff-favorable decision. The Commissioner agrees that the requested fee is reasonable. DN 25.[2]

The Court will GRANT the motions because the requested fee is reasonable.

**Background facts and procedural history**

Plaintiff filed a complaint seeking judicial review of the final decision of the Commissioner denying her claim for Title II Social Security disability benefits pursuant to 42 U.S.C. § 405(g). DN 1.

This Court remanded Plaintiff's claim to the Commissioner for further administrative proceedings. DN 15.

Because she was the prevailing party, Plaintiff filed a motion for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, in the amount of $2,137.50. DN 16. In addition, Plaintiff moved

---

[1] In her amended motion, counsel acknowledges that, upon receipt of the requested § 406(b) fee, she must reimburse Plaintiff the $2,137.50 fee that this Court previously awarded Plaintiff pursuant to the Equal Access to Justice Act (EAJA) (DN 18). The money is presently being held in the escrow account of counsel's law firm.
[2] Even though the § 406(b) motion is unopposed, the Court must still determine whether the requested fee is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

for leave to re-docket this case for consideration of a fee for services under 42 U.S.C. § 406(b) in the event the proceedings upon remand resulted in a favorable decision.  DN 16.

The Commissioner did not oppose the EAJA fee petition and did not respond to the request to re-docket.

The Court granted the EAJA fee petition but denied the motion to re-docket as premature.  DN 18.

Upon remand, the Commissioner issued a Plaintiff-favorable decision.

Plaintiff's counsel filed a motion and amended motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b).  DN 19 and 20.

The Commissioner opposed the motions on the ground that they were premature as Plaintiff had not yet received the Notice of Award identifying the amount of Plaintiff's past-due benefits, which is necessary for calculating the statute's maximum fee award of 25 percent of past-due benefits. DN 21.

The Court ruled that:  1) Pursuant to this Court's precedent interpreting Joint Local Rules (LR) 83.11(d), *Robertson v. Commissioner*, No. 1:07-CV-00064-JHM, 2011 WL 4737603 (W.D.Ky.), Plaintiff's § 406(b) fee petition was not premature; 2) The United States Attorney must submit a "statement of accrued benefits" and respond to the reasonableness of the fee request within 30 days; and 3) "If the United States Attorney has yet to receive all applicable Notices of Award from the Commissioner, the United States Attorney will have to notify the Court of the delay and request a stay of the proceeding pending receipt of the Notices of Award."  DN 23, p. 2 quoting *Robertson*, supra, at *4.

Prior to the running of the Commissioner's 30 days, Plaintiff received and submitted a copy of the Notice of Award.  DN 24.  The Notice states, among other things, that the Commissioner withheld 25 percent of past-due benefits, or $12,082.23, "in case we need to pay your lawyer."  DN 24-1, p. 2.

The Commissioner responded that the § 406(b) fee request is reasonable.  DN 25.

**There are three separate statutory bases for court-awarded attorney fees
following successful litigation in federal court resulting in an award of Title II disability benefits.**

Plaintiff and counsel entered into a contingency fee agreement in which counsel would be entitled to 25 percent of any past-due disability benefits awarded to Plaintiff. DN 19-2.

As indicated above, the Court has already awarded Plaintiff $2,137.50 in attorney fees pursuant to the Equal Access to Justice Act (EAJA). DN 18.

First, under the EAJA, a party that prevails against the United States in federal court may be awarded fees payable by the United States if the government's position in the litigation was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). EAJA fees are awarded to the prevailing party in addition to and separate from any fees awarded under 42 U.S.C. § 406(b). *Gisbrecht v. Commissioner*, 535 U.S. 789, 796 (2002). Unlike § 406(b) fees, which are taken from the claimant's recovery, EAJA fees are paid from agency funds.

Second, under § 406(a), the Commissioner may award the fee specified in a contingency fee agreement, following federal-court remand and a claimant-favorable decision, if that fee does not exceed the lesser of 25 percent of past-due benefits or $4,000. This amount was increased to $6,000 effective June 22, 2009. 74 Fed.Reg. 6080.

Third, under 42 U.S.C. § 406(b), a court entering judgment in favor of a plaintiff who was represented by an attorney "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Assuming that the requested fee is within the 25 percent limit, the court must then determine whether "the fee sought is reasonable for the services rendered." *Gisbrecht*, supra, at 807. A § 406(b) fee is paid by the plaintiff out of the past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A).

**Discussion**

Plaintiff's counsel seeks attorney fees pursuant to § 406(b), stating she intends to petition the Commissioner for allowance of a fee equal to 25 percent of past-due benefits ($12,082.23) "less the amount of § 406(b) fees awarded by this Court [$5,176.50]. DN 19-10, p. 3.

Attorney fee awards in Social Security cases brought in federal court are authorized by 42 U.S.C. § 406(b)(1)(A), which provides, in pertinent part, that:

> Whenever a court renders a judgment favorable to a claimant under this subchapter [Title II] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment....

A § 406(b) fee is appropriate when a court remands a case to the Commissioner for further proceedings and the Commissioner subsequently awards past-due benefits. While the Social Security Administration typically withholds 25 percent of past-due benefits for payment of attorney fees, separate attorney fee awards are made under § 406 for work performed before the administrative agency and for work performed in federal court. See *Horenstein v. Secretary*, 35 F.3d 261, 262 (6th Cir.1994) (under §§ 406(a) and 406(b) "each tribunal may award fees only for the work done before it").

Generally, a fee request is deemed reasonable and not resulting in a windfall to counsel if it reflects no more than "twice the standard [hourly] rate for such work in the relevant market." *Hayes v. Secretary*, 923 F.2d 418, 422 (6th Cir.1990).[3] See *Campbell v. Commissioner*, 2009 WL 2342739 (E.D.Ky.) (the court approved a fee petition consisting of the entire 25 percent of past-due benefits in light of *Hayes* because dividing that requested sum by the total hours of work in federal court resulted in a "hypothetical hourly rate ... within the range of twice a standard hourly rate").

---

[3] This multiplier of 2 is appropriate because "social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately." *Hayes*, supra.

Counsel states that her hourly rate is $145.00; that $145.00 per hour is standard for such work in federal court in the south-central Kentucky area; and that she is requesting twice that rate, or $290.00 per hour. DN 19-10, p. 3 of 4. Counsel has itemized 17.85 hours of work done before this Court. DN 19-4.

Although the Court is unaware of any specific hourly rate that is deemed "standard" in the Western District of Kentucky in Social Security cases, the Court finds that a reasonable frame of reference is the rate charged by attorneys under the Equal Access to Justice Act (EAJA). This Court has approved a rate under EAJA, with adjustments for costs of living since the EAJA was passed, of $168.00 per hour. *Forest Service Employees For Environmental Ethics v. United States Forest Service*, No. 5:08-CV-00091-TBR, 2010 WL 5159321 (W.D.Ky.).

The Court finds that counsel's hourly rate of $145.00 is reasonable, that the amount of time counsel spent on the case before this Court was reasonably necessary, and that the requested attorney fees in the amount of $5,176.50[4] is reasonable.

**Effect of prior EAJA award**

The EAJA contains a Savings Provision that provides that "where the claimant's attorney receives fees for the same work under both [406(b) and the EAJA], the claimant's attorney refunds to the claimant the amount of the smaller fee." 28 U.S.C. § 2412 note.

In her amended motion, counsel acknowledges that, upon receipt of the requested § 406(b) fee, she must reimburse Plaintiff the $2,137.50 EAJA fee previously awarded. DN 20.

Prior to *Astrue v. Ratliff*, 560 U.S. 586 (2010), it was common practice for the federal courts to award EAJA fees directly to the plaintiff's attorney.[5] *Ratliff* held that attorney fees must be awarded to

---

[4] $290.00 per hour times 17.85 hours equals $5,176.50.
[5] The practice was viewed as facilitating EAJA's primary purpose, which is to encourage attorneys who might not otherwise have a financial incentive to represent plaintiffs in prosecuting actions against the United States and its agencies in federal court.

the "prevailing party" (i.e., the plaintiff herself) and apparently left it a private matter between the plaintiff and her attorney how the attorney would be paid for services rendered.

The law remains unsettled in the wake of *Ratliff*. In this case, in light of a "growing consensus of courts within the Sixth Circuit that under *Ratliff*, the proper course is to award fees directly to Plaintiff and remain silent as to the direction of those fees," the Court denied Plaintiff's request that the Court conditionally direct payment of fees to counsel when and if the Commissioner determined that Plaintiff had no pre-existing debt owing to the United States. DN 18, p. 3.[6]

Notwithstanding the order directing payment to Plaintiff (DN 18), the United States deposited the EAJA fee into the escrow account of counsel's law firm.

While it is debatable whether counsel has any legitimate hold on Plaintiff's EAJA award, it is a moot point as counsel has agreed to refund it to Plaintiff.

**Order**

Therefore, pursuant to 42 U.S.C. § 405(b), the Court hereby GRANTS Plaintiff's counsel's motion and amended motion (DN 19 and 20) and AWARDS attorney fees in the amount of $5,176.50. Counsel shall REIMBURSE Plaintiff the $2,137.50 that this Court previously awarded Plaintiff pursuant to the Equal Access to Justice Act.

---

[6] Subsequently, in *Shirley v. Commissioner*, Civil Action No. 1:13-CV-00058-TBR, Shirley's counsel apparently successfully negotiated the Commissioner's agreement to the type of court-directed conditional payment scheme that it previously opposed, and the district judge signed the agreed order directing the EAJA award accordingly (DN 25). The Court is presently utilizing the form of the agreed order in *Shirley* in all cases in which EAJA fees are awarded.